# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2016-0249, <u>State of New Hampshire v. Jason Millett</u>, the court on March 10, 2017, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Jason Millett, appeals his conviction, following a jury trial, of possession of a controlled drug (cocaine) with intent to sell or distribute. <u>See</u> RSA 318-B:2, I (2011). On appeal, he argues that the Superior Court (<u>Delker</u>, J.) erred by denying his motion to suppress evidence seized during a stop for a motor vehicle violation. In support of this argument, the defendant contends, among other things, that: (1) the officer who stopped the vehicle impermissibly expanded the scope of the stop; and (2) his consent, given while he was unlawfully detained, was involuntary. We reverse and remand.

The relevant facts are set forth in an opinion issued today, <u>State v. Morrill</u>, 169 N.H. ___ (decided March 10, 2017)—a case involving the same motor vehicle stop that was consolidated with this case for the suppression hearing before the trial court. In <u>Morrill</u>, we held that the officer who stopped the vehicle impermissibly expanded the scope of the stop. <u>Morrill</u>, 169 N.H. at ___. That holding is controlling in the instant case.

Because the defendant consented to the search of the vehicle while unlawfully detained, his consent was 'tainted' by the illegality of the detention. <u>See</u> <u>State v. Hight</u>, 146 N.H. 746, 749 (2001). Consequently, the evidence obtained following the purported consensual search would be admissible only if the State could demonstrate "that the consent was <u>both</u> voluntary and not an exploitation of the prior illegality." <u>Id</u>. at 750 (quotation omitted).

Here, the State does not argue that the taint of the unlawful detention had been purged or attenuated. <u>Id</u>. at 749. We thus conclude that the State failed to meet its burden to establish that the evidence obtained by the purported consent was "not an exploitation of the prior illegality." <u>Id</u>. Because of our determination on this issue, we need not consider the issue of the voluntariness of the defendant's consent. <u>See</u> <u>id</u>. at 751.

For these reasons, and for the reasons stated in <u>Morrill</u>, we conclude that the evidence seized following the defendant's purported consent should have been suppressed.

<u>Reversed and remanded</u>.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**